IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY WEEDON,     *<br>          Petitioner | |
| | * |
| v. | CIVIL ACTION NO. CCB-05-1695 |
| | * |
| STATE OF MARYLAND, | |
|          Respondent     * | |
| ****** | |

## MEMORANDUM

On June 22, 2005, this court received for filing petitioner's 28 U.S.C. § 2254 petition attacking his 2004 conviction entered by the Circuit Court for Frederick County, Maryland, for second degree rape. Paper No. 1. Petitioner filed a court-directed supplement to the petition on July 11, 2005. Paper No. 3. Although the documents as filed by petitioner were not cogent, given that petitioner appeared to be incarcerated at the Patuxent Institution and was possibly unable to properly file a petition pro se, the Attorney General for the State of Maryland was directed to file a limited response to the petition.

Respondents have filed a limited answer to the petition which reveals that petitioner entered an *Alford*[1] plea on June 20, 2004, in the Circuit Court for Frederick County, Maryland. Paper No. 6, Ex. 1. He did not file an appeal, nor did he institute state post conviction proceedings. He currently has no proceedings pending in the state courts. *Id.* Petitioner is now incarcerated at the Maryland Correctional Institution-Hagerstown, housed in the "special housing unit" for inmates who require mental health counseling or treatment. *Id.*, Ex. 4. He has been approved for a transfer to the Patuxent Institution and is awaiting same. *Id.*

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Court personnel have learned that petitioner has sought assistance from the Maryland Public Defenders Office in filing for post conviction relief. A file has been opened on his behalf and his case is in line to be reviewed by a member of that office.

Prior to seeking federal habeas corpus relief, a petitioner must exhaust each claim presented to the federal court by first pursuing available state court remedies. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 119 S. Ct. 1728 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

This exhaustion requirement is not a jurisdictional condition to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be provided the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In most circumstances, this court would dismiss the petition without prejudice for non-exhaustion in accord with *Rose v. Lundy*, 455 U.S. 508 (1982). The dismissal of this petition, however, would potentially bar petitioner from re-filing a § 2254 petition in light of the one-year limitation provision set out under 28 U.S.C. § 2244(d). The Supreme Court has recently held that district courts retain discretion to stay a habeas petition that contains exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court. *See Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528 (March 30, 2005). While specifically ruling on the authority

of a district court to stay a "mixed" petition pending exhaustion, the Court noted that AEDPA does not deprive a district court of its authority to issue a stay where a stay is a proper exercise of the court's discretion. *Id*. at 1534. In so finding, the Court noted that a stay and abeyance should only be available in limited circumstances. *Id*. Petitioner has sought assistance in filing his state post conviction petition and is apparently making efforts to fully exhaust his available state court remedies.[2] The court cannot say, on the record before it, that petitioner's claims are without merit, nor is there any evidence before the court that petitioner has engaged in intentionally dilatory ligation tactics; rather the record demonstrates that petitioner has sought assistance in pursuing his state collateral review rights, and questions also exist concerning petitioner's mental health. Accordingly, this court finds that good cause exists to stay the instant proceedings while petitioner completes state court review. *See Rhines*, 125 S.Ct. at 1534-35

Further, the doctrine of equitable tolling may in some instances apply to excuse a petitioner's failure to comply with a statute of limitations, such as the one year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.* at 330, quoting, *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where defendant's acts prevent plaintiff from asserting the claim, or where extraordinary circumstances beyond plaintiff's control, prevent plaintiff from filing a timely claim. *Id*., quoting, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996).

---

[2]The original "Petition" filed in this court, completed by petitioner, is on forms for filing state post conviction proceedings. Therein, petitioner notes that he has sought assistance from the Maryland Office of the Public Defender in bringing state collateral review proceedings, but that the delay in instituting state proceedings by that office could bar him from ever obtaining federal habeas review of his claim.

A number of circuits have recognized the possibility that mental incompetency may support the equitable tolling of a habeas limitation period. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *Calderon v. United States Dist. Court for the Central Dist.*, 163 F.3d 530, 541 (9th Cir.1998).  The court cannot say, based upon the record before it, whether petitioner's mental status would support a claim of equitable tolling.  Accordingly, the court shall hold in abeyance review of this matter and administratively close this case pending the exhaustion of state court remedies by petitioner.  The court will stay review of this matter until such time as petitioner establishes that he has fully exhausted each of his claims in the Maryland courts.

Petitioner and respondents shall be required to provide a report at three month intervals in order to apprize the court of the filing status of the post conviction petition.  Petitioner is further advised that stay of these proceedings is conditioned upon his commencing state post conviction proceedings in a timely manner.  Petitioner is cautioned that his failure to timely institute and complete state post conviction proceedings or to furnish this court timely and complete status reports will result in the dismissal of this federal habeas corpus petition without further notice from this court.  The first status report shall be filed no later than February 7, 2006.[3]

A separate Order shall be entered reflecting the opinion set out herein.

| | |
|---|---|
| __November 15, 2005__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] The Clerk shall be directed to administratively close this case.  Petitioner shall move to reopen the matter within sixty days of the date his state court remedies are exhausted.